## THE STATE OF KANSAS v. PATSIE DEAN.

SCHOOL DISTRICT — *De Facto Clerk* — *Refusal to Surrender Records.* A person having at some prior time been legally elected the clerk of a school district, still in the possession of the office, claiming the rightful possession thereof, and also claiming to be legally entitled to hold the same, cannot be convicted, under § 52, chapter 92, General Statutes of 1889, relating to schools, (Gen. Stat. of 1889, ¶ 5613,) for neglecting or refusing to deliver the records, books and papers belonging to the office to one not in possession of the office, but claiming the same under a subsequent election.

### Appeal from Ellis District Court.

PROSECUTION for refusal to surrender the records of a certain school district. From a conviction before a justice of the peace, the defendant, *Dean*, appealed to the district court. At the January term, 1892, the action was dismissed and the

defendant discharged. *The State* appeals. The opinion states the facts.

*Wm. L. Aaron,* county attorney, for appellant; *David Rathbone,* of counsel:

The state relies upon the following propositions: First, that as no plea in abatement was filed in the lower court nor in the district court until the defendant's demurrer to the complaint (motion to quash) had been first heard and over-ruled in both courts, the defendant had waived his right to afterwards plead in abatement. Harris's Crim. Law, pp. 306, 307. Second, that the finding of the school board, at the annual school meeting, declaring Bernard Martin duly elected clerk of said school district, takes the place of and is equivalent to a certificate of election issued to him, and that his subsequent qualification conferred upon him the right to receive the books and papers of said office and made him the legal custodian thereof. See Gen. Stat. of 1889, ¶¶ 2745, 2766, 5596.

From the foregoing, it seems clear that the law makes no provision for the contest of an election by the person declared duly elected, and such a requirement would indeed be a useless absurdity, requiring, as it would, a person who had been declared duly elected by competent authority to put in issue the validity of his election. As the defendant failed to institute such contest within 20 days after the annual school meeting, he is barred from doing so by the statute of limitations, and cannot withhold from his successor the books and records of the office. The right conferred upon a public officer to inquire by *quo warranto* Bernard Martin holds his office does not confer upon the defendant the right to hold over, and retain the books and records, without commencing a contest within 20 days. Gen. Stat. of 1889, ¶ 2749.

The case at bar is not analogous to a case where the defendant holds such books pending a contest. Nor is it analogous to *Cowgill v. Graham,* 13 Kas. 113. The court is referred to the following authorities as having some applica-

tion to the case at bar: *The State v. Foster*, 30 Kas. 365, and authorities cited; Crim. Code, § 106; *Bond v. White*, 8 Kas. 333; *McCahon v. Commissioners*, 8 id. 437; 1 Bish. Crim. Law, § 468, and notes; 52 Iowa, 509.

*A. D. Gilkeson*, for appellee:

We contend that, before a pretended elected officer of a school district, or of any other municipal or other corporation, can make a demand for any of the property of the office, he must either be in possession or have attempted to take possession of the office he claims. He must be a *de facto* officer, and this he cannot be until he has taken possession of the office. *Mincer v. School District*, 27 Kas. 255. The complaint shows on its face that Dean was and is the *de facto* officer, claiming to be rightfully holding the office. And this being so, the action cannot be maintained. *Hunt v. Cemetery Association*, 27 Kas. 740.

As to the plea in abatement, we contend that the right to an office cannot be determined in this way. The criminal law is intended to punish public wrongs, not to determine private rights. We are at a loss to find any provision of the statute for the contesting of a school-district office, and certainly it is a new departure that makes it the duty of the incumbent or of any one particular party to such a claim to bring the action. It would be indeed a strange proceeding for the incumbent to commence an action in *quo warranto* to ascertain by what authority he holds his office, and to inquire in this manner why Martin holds the office. We are met at the very outset by the fact that he does not and never did hold it.

The question raised in this case has been frequently passed upon by the courts. It is true that this question has always, as far as we have been able to find, occurred in civil cases, but we think the rule would apply with greater strictness when the criminal law is called upon to enforce a right of this kind. 1 Dill. Mun. Corp. (4th ed.), § 302, and cases there cited; *Desmond v. McCarty*, 17 Iowa, 525.

And we think this question has been fully determined by

this court in *Hunt v. Cemetery Association*, 27 Kas. 734, which case is nearly on all fours with the one at bar, not only as to the legal proposition, but as to the real facts of the case. We wish to call the attention of the court to the fact that, upon trial of this plea, the state filed no answer to the plea.

The opinion of the court was delivered by

HORTON, C. J.: On the 25th day of April, 1889, Patsie Dean was elected and afterward duly qualified as clerk of School District No. 21, of the county of Ellis, in this state. He immediately entered upon the discharge of the duties of the office, and has ever since occupied, and was at the times hereinafter stated occupying, the office by virtue of the election. The annual meeting of school district No. 21, for 1891, was held on the 12th day of August, and at that meeting Bernard Martin claims that he was elected clerk of the school board of the district. On the 12th day of August, 1891, he qualified as such clerk, and on the same day demanded in person of Patsie Dean the records, books and papers belonging to the office. Dean refused to deliver them to him. He then filed a complaint before a justice of the peace of Ellis county, alleging that Dean, "unlawfully, willfully and wrongfully refused to deliver to him the records and books of the clerk of said school district, or any part thereof." A motion was filed before the justice to quash the complaint, which was overruled. The defendant, upon trial, was found guilty and sentenced to pay a fine of $10 and costs, and to be committed until the fine and costs were paid. He appealed to the district court of Ellis county, and in that court defended upon the ground that there was no legal election held for the office of clerk of the school district on August 12, 1891; that the complainant, Bernard Martin, had never been elected, and that he never had entered upon the discharge of the duties of the office, or attended any meetings of the board of the school district. The trial court dismissed the action and discharged the defendant. The state excepted, and brings the case here.

36— 49 KAS.

The defense was presented somewhat irregularly by way of a plea in abatement. It seems to be conceded that the defendant, at the time of the trial, was still in the possession of his office, claiming to be the clerk of the school district, and also claiming that his successor had not been elected or qualified. The state admitted that no contest, action of *quo warranto* or other proceeding had been instituted to determine the defendant's right to the office. Waiving the question whether the case is properly here for decision upon its merits, clearly the judgment of the district court must be sustained. A civil action in the nature of a *quo warranto* would have been a proper remedy in a case of this kind; but a criminal action is not the proper way to settle the title or possession of an office. (*Hunt v. Cemetery Association,* 27 Kas. 734.)

A person having at some prior time been legally elected the clerk of a school district, still in the possession of the office, claiming the rightful possession thereof, and also claiming to be legally entitled to hold the same, cannot be convicted under § 52, chapter 92, General Statutes of 1889, relating to schools, (Gen. Stat. of 1889, ¶ 5613,) for neglecting or refusing to deliver the records, books and papers belonging to the office to one not in possession of the office, but claiming the same under a subsequent election.

The judgment of the district court will be affirmed.

All the Justices concurring.